**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hugo Rosales,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | No. CV-12-1550-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is the appeal of Plaintiff Hugo Rosales Tamayo, which challenges the Social Security Administration's decision to deny benefits. (Doc. 12.) For the reasons set forth below, the Court affirms that decision.

**BACKGROUND**

      On January 17, 2008, Rosales applied for a period of disability and disability insurance benefits, as well as supplemental security income, alleging a disability onset date of May 16, 2007. (R. at 15.) Rosales's date last insured ("DLI") for disability insurance benefits, and thus the date on or before which he must have been disabled, was December 31, 2011. (*Id.* at 17.) Rosales's claim was denied both initially and upon reconsideration. (*Id.* at 15.) Rosales then appealed to an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ conducted a hearing on the matter in Yuma, Arizona on July 7, 2010. (*Id.*)

      In evaluating whether Rosales was disabled, the ALJ undertook the five-step

sequential evaluation for determining disability.[1] (*Id.* at 16–17.) At step one, the ALJ determined that Rosales had not engaged in substantial gainful activity since the alleged onset date. (*Id.* at 17.) At step two, the ALJ determined that Rosales suffered from the severe impairments of status post C5-C6 anterior decompression discectomy and fusion and status post plantar fasciotomy. (*Id.*) At step three, the ALJ determined that none of these impairments, either alone or in combination, met or equaled any of the Social Security Administration's listed impairments. (*Id.* at 20.)

At that point, the ALJ made a determination of Rosales's residual functional capacity ("RFC"),[2] concluding that Rosales could perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). (*Id.*) The ALJ thus determined at step four that Rosales did not retain the RFC to perform his past relevant work as a

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal citations and quotations omitted).

[2] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96-8p (July 2, 1996).

seafood processor, production line worker, laborer, dishwasher, or cook. (*Id.* at 22.) The ALJ therefore reached step five, determining that Rosales could perform a significant number of other jobs in the national economy that met his RFC limitations. (*Id.* at 23.) Given this analysis, the ALJ concluded that Rosales was not disabled. (*Id.*)

The Appeals Council declined to review the decision. (*Id.* at 1.) The Council accepted the ALJ's statements of the law, the issues in the case, and the evidentiary facts, as well as the ALJ's findings and ultimate conclusions regarding whether Rosales was disabled. (*Id.*) The Council thereupon agreed that Rosales was not disabled. (*Id.*)

Rosales filed the complaint underlying this action on July 19, 2012, seeking this Court's review of the ALJ's denial of benefits.[3] (Doc. 1.) Rosales filed an opening brief and the Commissioner filed a response brief, but Rosales declined to file a reply brief. (Docs. 12, 16.)

**DISCUSSION**

**I.   Standard of Review**

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

Harmless errors in the ALJ's decision do not warrant reversal. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055–56 (9th Cir. 2006). Errors are harmless if they are "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Thus, for example, an error is harmless if the record shows that "the ALJ would have reached the same result absent the error" or "it was clear [the errors] did not alter the ALJ's decision." *Id.* "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009).

## II. Analysis

Rosales argues that the ALJ erred by: (A) failing to consider the opinion of Dr. Horowitch, Rosales's treating physician (Doc. 12 at 4–5), and (B) failing to consider a closed period of disability for Rosales (*id.* at 6–7). The Court will address each argument in turn.

### A. Failure to Consider Dr. Horowitch's Opinion

"The medical opinion of a claimant's treating physician is entitled to special weight." *Walter v. Astrue*, No. CV-09-1016-PHX-GMS, 2010 WL 1511666 at *7 (D. Ariz. Apr. 15, 2010) (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989)) (internal quotations omitted). This is because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir. 1995). However, "the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.

1999). If medical evidence conflicts, it is the ALJ's job to "determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). If the ALJ chooses to reject the opinion of a treating physician, she must make "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."

Here, Dr. Horowitch, Rosales's treating physician, recommended in October 2007 that Rosales stop working for one month. (R. at 391.) Later, in December 2007, Dr. Horowitch described Rosales as "temporarily totally disabled" and likely to remain so for several weeks after his scheduled surgery. (*Id.* at 393.) Rosales argues that Dr. Horowitch's opinion is "worthy of controlling weight" and that the ALJ erred when she "ignore[d]" Dr. Horowitch's findings.

As an initial matter, the ALJ did not ignore the medical records from Dr. Horowitch. The ALJ discussed Dr. Horowitch's assessment of Rosales during Step 2, when she was determining what severe impairments Rosales had. (R. at 18.) However, Rosales is correct that the ALJ did not mention Dr. Horowitch's opinion in determining Rosales' RFC. Assuming that the ALJ's silence amounts to a rejection of Dr. Horowitch's opinion, this rejection was not accompanied by "specific, legitimate reasons . . . based on substantial evidence in the record" and thus the ALJ committed error.

Even if the ALJ committed error, however, the burden falls on Rosales to prove that he was harmed by her error. *Shinseki*, 556 U.S. at 409. Rosales argues that the ALJ's failure to consider Dr. Horowitch's opinion "wrongfully avoids a finding that Mr. Rosales was not able to work and therefore disabled . . . ." (Doc. 12 at 5.) However, nothing in Dr. Horowitch's opinion mandated or even strongly supported a finding that Rosales was disabled. The opinions were expressly limited in duration and at most support a finding that Rosales was unable to work for a month or two. A claimant must demonstrate an impairment preventing him from engaging in any substantial gainful activity for at least twelve consecutive months to show disability. 42 U.S.C. § 423(d)(1)(A). Dr. Horowitch's opinions regarding Rosales's ability to work and "total

- 5 -

disability" did not cover a sufficiently lengthy period. As such, it does not appear that the ALJ would have reached a different result if she had expressly discussed Dr. Horowitch's opinion in reaching the RFC determination.

In addition, the ALJ discussed a number of other opinions in discussing Rosales's RFC that would contradict any opinion that Rosales was unable to work. On July 25, 2007, Dr. Zonis opined that Rosales should be able to return to work in about a month. (R. at 249.) On May 6, 2009, Dr. Ginsburg recommended that Rosales be re-trained in sedentary or light work, indicating his belief that Rosales would be capable of performing such work. (*Id.* at 422.) On June 2, 2010, Dr. Curry, another one of Rosales's treating physicians, noted that Rosales had returned to school to learn skills for a job that would not require bending or lifting. (*Id.* at 452.) The ALJ also noted the assessment of Dr. Fina, a state agency physician, who opined on May 15, 2008 that Rosales could sit for six hours and stand or walk for four to five hours in a normal eight-hour workday. (*Id.* at 305.) She also referred to the assessment of Kent Shafer, a vocational consultant, who recommended that Rosales "transition into more sedentary forms of employment." (*Id.* at 235.) The ALJ further mentioned the opinion of Dr. Becker, who evaluated that Rosales could tolerate full-time "work at the Light to Medium Level" on May 5, 2009. (*Id.* at 423.) The ALJ also discussed the fact that, for five months during Rosales's alleged disability period, he worked as a volunteer building houses for twenty hours a week. (*Id.* at 43–45, 419.)

Finally, as pointed out by the Commissioner, the ALJ's ultimate RFC determination comports with the limitations set out by Dr. Horowitch. In opining that Rosales was likely to be "temporarily totally disabled" after his surgery, Dr. Horowitch also stated that Rosales would likely be permanently restricted from "[h]eavy lifting with repetitive lifting, bending, twisting, and stooping." (*Id.* at 393.) Accordingly, the ALJ found that Rosales could perform sedentary work, which only occasionally requires lifting of no more than ten pounds at a time, does not require bending or twisting, and

only occasionally requires stooping. 20 C.F.R. § 404.1567; *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

The ALJ's determination that Rosales could perform the full range of sedentary work is supported by substantial evidence in the record. Though she erred in failing to discuss Dr. Horowitch's opinion in making the RFC determination, she would have reached the same result absent the error. Thus, because the error was "inconsequential to the ultimate nondisability determination," it is harmless and does not warrant vacating the ALJ's decision. *See Molina*, 674 F.3d at 1115.

### B.    Failure to Consider a Closed Period of Disability

Rosales contends that the ALJ erred in failing to consider his eligibility for a closed period of disability from May 16, 2007 to January 1, 2009. (Doc. 12 at 6.) Rosales asserts that the opinions to which the ALJ assigned significant weight were all dated after January 2009, when Rosales started volunteering to build houses on weekends. (*Id.*)

The ALJ is required to consider a closed period of disability if evidence in the record supports a finding that a person is disabled for a period of not less than twelve months. *See Reynoso v. Astrue*, No. CV 10-04604-JEM, 2011 WL 2554210 at *3 (C.D. Cal. June 27, 2011); *Johnson v. Astrue*, No. CV07-7263SS, 2008 WL 5103230 at *4 (C.D. Cal. Dec. 2, 2008). Here, Rosales does not affirmatively set forth any evidence that supports a finding that he was disabled for at least twelve months. Instead, he simply points out the fact that the evidence on which the ALJ relied occurred after a point in time that could be considered the end of a closed period of disability.

In fact, the ALJ's decision that Rosales was not impaired for a period of at least twelve months is supported by substantial evidence. As noted above, Dr. Horowitch opined in October and December of 2007 that any inability to work by Rosales should last no longer than a month or several weeks. (R. at 391, 393.) He also stated in September 2007 that Rosales should be able to do deskwork. (*Id.* at 390.) By September 2008, Dr. Horowitch concluded that Rosales's arm pain was gone and that he was only suffering from "a little neck pain." (*Id.* at 379.) In addition, the ALJ considered evidence

from Dr. Zonis, who evaluated Rosales on July 25, 2007, and opined that Rosales could return to regular work in three to four weeks' time. (R. at 249.) The ALJ also relied on evidence from Rosales's physical therapist, who indicated in February and March of 2008 that Rosales was continually showing "subjective and objective improvement." (*Id.* at 294, 297.)

Thus, the ALJ did not err in failing to consider a closed period of disability. The evidence in the record does not support a conclusion that Rosales was disabled from May 16, 2007 to January 1, 2009. The ALJ's decision that Rosales was not disabled is supported by substantial evidence.

**CONCLUSION**

The ALJ made no error of law and there is substantial evidence to support the ALJ's denial of benefits.

**IT IS THEREFORE ORDERED** that the ALJ's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **TERMINATE** this action and enter judgment accordingly.

Dated this 8th day of April, 2013.

/G. Murray Snow
United States District Judge